# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# WEST PALM BEACH DIVISION

### Case No.: 9:18-cv-81124-ROSENBERG/REINHART

RSA PROTECTIVE TECHNOLOGIES, LLC, :
    Plaintiff, :
             v. :
              :
SECURE USA, INC.; GUARDIAR :
SOLUTION, INC. :
    Defendants. :

## JOINT MOTION FOR ENTRY OF STIPULATED PROTECTIVE ORDER

Plaintiff RSA Protective Technologies, LLC and Defendants Secure USA, Inc. and Guardiar Solution, Inc. (the Plaintiff and Defendants are collectively referred to as "the Parties"), respectfully request that the Court enter a protective order in accordance with Federal Rule of Civil Procedure 26(c) to limit the disclosure of certain information that is or will be subject to discovery in this case. The parties have good cause to believe such information includes the production or disclosure of trade secrets, confidential business information, or other proprietary information.

WHEREFORE, the parties respectfully request that the Court enter the Stipulated Protective Order in the form attached hereto as Exhibit 1.

Dated: March 27, 2019

Respectfully submitted,

/s/ Matthew K. Ryan
Matthew K. Ryan
Fla Bar ID # 368709
mryan@haugpartners.com
**Haug Partners, LLP**
(202) 292-1530
(202) 292-1531

1

Joseph V. Saphia
JSaphia@haugpartners.com
Jessica H. Zafonte
JZafonte@haugpartners.com
**HAUG PARTNERS LLP**
745 Fifth Avenue
New York, New York 10151
Telephone: (212) 588-0800
Facsimile: (212) 588-0500
*Admitted Pro Hac Vice*

*Attorneys for Plaintiff*
*RSA Protective Technologies, LLC*


/s/ Eve A. Cann
Eve A. Cann
Fla Bar ID # 40808
ecann@bakerdonelson.com
**BAKER DONELSON BEARMAN**
**CALDWELL & BERKOWITZ P.C.**
100 S.E. Third Avenue, Suite 1620
Fort Lauderdale, Florida 33394
Telephone: (954) 768-1600
Facsimile: (954) 333-3930

Adam S. Baldridge
abaldridge@bakerdonelson.com
Lea H. Speed
lspeed@bakerdonelson.com
Nicole D. Berkowitz
nberkowitz@bakerdonelson.com
*Admitted Pro Hac Vice*
**BAKER DONELSON BEARMAN**
**CALDWELL & BERKOWITZ P.C.**
165 Madison Ave, Ste 2000
Memphis, TN 38103
Telephone: (901) 526-2000
Facsimile: (901) 577-2303

Warner Delaune
wdelaune@bakerdonelson.com
*Admitted Pro Hac Vice*
**BAKER DONELSON BEARMAN**
**CALDWELL & BERKOWITZ P.C.**
450 Laurel Street, 12th Floor

Baton Rouge, LA 70801
Telephone: (225) 381-7000
Facsimile (225) 382-0232

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 27, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified below in the manner specified, via transmission of Notices of Electronic Filing generated by CM/ECF.


EVE A. CANN
ecann@bakerdonelson.com
100 S.E. Third Avenue, Suite 1620
Fort Lauderdale, Florida 33394

ADAM S. BALDRIDGE
abaldridge@bakerdonelson.com
LEA H. SPEED
lspeed@@bakerdonelson.com
NICOLE D. BERKOWITZ
nberkowitz@bakerdonelson.com
165 Madison Ave, Ste 2000
Memphis, TN 38103

WARNER DELAUNE
wdelaune@bakerdonelson.com
450 Laurel Street, 12th Floor
Baton Rouge, LA 70801

*Attorneys for Defendants*


By : /s/ Jessica H. Zafonte
Jessica H. Zafonte

# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No.: 9:18-cv-81124-ROSENBERG/REINHART

RSA PROTECTIVE TECHNOLOGIES, LLC,

    Plaintiff,

           v.

SECURE USA, INC.; GUARDIAR
SOLUTIONS, INC.

    Defendants.

**STIPULATED PROTECTIVE ORDER**

Having considered the Joint Motion for Entry of a Protective Order of the parties RSA Protective Technologies, LLC ("Plaintiff") and Secure USA, Inc. and Guardiar Solutions, Inc. (collectively, "Defendants"), in accordance with Federal Rule of Civil Procedure 26(c), the Court hereby **GRANTS** the motion.

It is therefore **ORDERED AND ADJUDGED** that:

1. Each Party may designate as Protected under this Order, in whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("Protected Material").

2. Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information or material. Protected Material can include material designated as "CONFIDENTIAL" and "ATTORNEYS' EYES ONLY" (together, "DESIGNATED MATERIAL"). The labels "CONFIDENTIAL" and "ATTORNEYS' EYES ONLY" shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought. For deposition and hearing transcripts, the word "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each

attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as Protected Material.

3. Any party to this litigation and any third party may designate as "CONFIDENTIAL" and subject to this Order any information, document, thing, or portion of any document or thing ("material"): (a) that contains competitively sensitive technical, marketing, financial, sales, or other confidential business information; (b) that contains private or confidential personal information; (c) that contains information received in confidence from third parties; or (d) which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure.

4. Any party to this litigation and any third party may designate as "ATTORNEYS' EYES ONLY" and subject to this Order any material that contains trade secrets and other highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party.

5. With respect to documents, information or material designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations. All copies, reproductions, extracts, digests and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

6. "CONFIDENTIAL" and "ATTORNEYS' EYES ONLY" material obtained from a Producing Party may be used only for purposes of the above-captioned litigation and any appeals therefrom, and shall not be used for any other purpose, including any other business, competitive or regulatory purpose, or in any proceeding before the U.S. Patent and Trademark Office (or corresponding proceeding before any foreign patent office) except as permitted below or upon consent of the Producing Party.

7. A designation of Protected Material (i.e., "CONFIDENTIAL," or "ATTORNEYS' EYES ONLY") may be made at any time. Inadvertent or unintentional production of documents, information or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Any party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated. The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information or material derived from or based thereon.

8. "CONFIDENTIAL" material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating party or upon order of the Court:

(a) subject to the restrictions in paragraphs 6 and 10, outside counsel of record in this Action for the Parties and employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

(b) subject to the restrictions in paragraphs 6 and 10, and the execution and service of the Declaration in Exhibit A, no more than five (5) persons who are current officers, directors, or employees for each of the Parties or their affiliates;

(c) subject to the restrictions in paragraph 6, outside consultants or experts (i.e., not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation, provided that: (1) such consultants or experts are not presently employed by the Parties hereto for purposes other than this Action; (2) before access is given, the consultant or expert has completed the Declaration attached as Exhibit A hereto and the same is served upon the producing Party with a current curriculum vitae of the consultant or expert at least ten (10) days before access to the Protected Material is to be given to that consultant such that the producing party can object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert. The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order;

(d) independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action; and

(e) the Court and its personnel.

9. "ATTORNEYS' EYES ONLY" material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating party or upon order of the Court:

(a) subject to the restrictions in paragraph 6 and 10, outside counsel of record in this Action for the Parties and employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

(b) subject to the restrictions in paragraphs 6, outside consultants or experts (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this

    litigation, provided that: (1) such consultants or experts are not presently employed by the Parties hereto for purposes other than this Action; (2) before access is given, the consultant or expert has completed the Declaration attached as Exhibit A hereto and the same is served upon the producing Party with a current curriculum vitae of the consultant or expert at least ten (10) days before access to the Protected Material is to be given to that consultant such that the producing party can object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert. The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order;

(c) independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action; and

(d) the Court and its personnel.

10. Any attorney representing a Party, whether in-house or outside counsel, and any person associated with a Party and permitted to receive the other Party's Protected Material who obtains, receives, has access to, or otherwise learns, in whole or in part, the other Party's ATTORNEYS' EYES ONLY MATERIAL under this Order shall not prepare, prosecute, supervise, or substantively assist in the preparation or prosecution of any patent application pertaining to the field of shallow mount bollards on behalf of the receiving Party or its acquirer, successor, predecessor, or other affiliate during the pendency of this Action and for one year after its conclusion, including any appeals. To ensure compliance with the purpose of this provision, each Party shall create an "Ethical Wall" between those persons with access to ATTORNEYS' EYES ONLY MATERIAL and any individuals who, on behalf of the Party or its acquirer, successor, predecessor, or other affiliate, prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application pertaining to the field of invention of the patent-in-suit. All outside counsel for any Party are specifically entitled and authorized to engage in *inter partes* review, post grant review, covered business method review, and/or third-party-initiated reexamination proceedings relating to shallow mount bollards before the U.S. Patent and Trademark Office (or any similar agency of a foreign government) and any appeal therefrom, and to advise or to counsel their clients regarding or related to the foregoing activities ("Permitted Activity"). Nothing in this Protective Order shall prevent any outside counsel from engaging in Permitted Activity or from sending non-confidential prior art to an attorney involved in patent prosecution for purposes of ensuring that such prior art is submitted to the U.S. Patent and Trademark Office (or any similar agency of a foreign government) to assist a patent applicant in complying with its duty of candor.

11. Documents, information or material produced pursuant to any discovery request in this

9

Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose. Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action. Any such copies, duplicates, extracts, summaries or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

12. Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information or other material. The recipient(s) shall gather and return all copies of such documents, information or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party.

13. There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities.

14. Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in preparing a witness for, or taking testimony at, any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) a current or former employees of the Producing Party (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL, (iv) a current or former officer, director or employee of the producing Party or a current or former officer, director or employee of a company affiliated with the producing Party; (v) counsel for a Party, including outside counsel and in-house counsel (subject to paragraph 8 of this Order); (vi) an independent contractor, consultant, and/or expert retained for the purpose of this litigation; (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access to DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any

other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.

15. Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," or "ATTORNEYS' EYES ONLY" pursuant to this Order. Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order. Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as confidential.

16. Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court. The filing party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing. Exhibits to a filing shall conform to the labeling requirements set forth in this Order. If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on confidential documents, information or material, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

17. The Order applies to pretrial discovery. Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court.

18. A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn. If the designating Party does not agree to redesignation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief. Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper. Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions. In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met. Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

19. Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order. A copy of the acknowledgment form is attached as Exhibit A.

20. To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contended the discovery sought

involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

21. To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" any documents, information or other material, in whole or in part, produced or give by such documents, information or other material, in whole or in part, produced or give by such Third Parties. The Third Parties shall have ten (10) days after production of such documents, information or other materials to make such a designation. Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information or other material so produced or given shall be treated as "CONFIDENTIAL" in accordance with this Order.

22. Within thirty (30) days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been admitted into evidence in this Action), shall at the producing Party's election either be returned to the producing Party or be destroyed. The receiving Party shall verify the return or destruction by affidavit furnished to the producing Party, upon the producing Party's request.

23. The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Order and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

24. Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances. Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

25. Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

26. Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

27. Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida

Dated: _____     /s/ _____
                                        UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A**

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

**Case No.: 9:18-cv-81124**

RSA PROTECTIVE TECHNOLOGIES, LLC,

    Plaintiff,

              v.

SECURE USA, INC.; GUARDIAR SOLUTIONS, INC.

    Defendants.

**DECLARATION OF AGREEMENT TO BE BOUND BY
PROTECTIVE ORDER**

    I, _____, declare that:

1. My address is _____.

    My current employer is _____.

    My current occupation is _____.

2. I have received a copy of the Protective Order in this action.  I have carefully read and understand the provisions of the Protective Order.

3. I will comply with all of the provisions of the Protective Order.  I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL" and "ATTORNEYS' EYES ONLY" that is disclosed to me.

4. Promptly upon termination of these actions, I will return all documents and things designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed.

5. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____    _____
                                                                                    [Name]